**Order filed January 2, 2023**



**In The**

# Fourteenth Court of Appeals

_____

**NO. 14-22-00937-CV**

_____

**IN RE CHOUAIB ABERKANE, Relator**

---

**ORIGINAL PROCEEDING**
**WRIT OF HABEAS CORPUS**
**On Appeal from the 280th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2022-30820**

---

## ORDER

On December 29, 2022, relator Chouaib Aberkane filed a petition for writ of habeas corpus in this court. _See_ Tex. Gov't Code Ann. § 22.221; s_ee also_ Tex. R. App. P. 52. In the petition, relator asks this court to vacate as void the December 12, 2022 order revoking suspension and for commitment to county jail.

The Rules of Appellate procedure require a party, who files a petition for writ of habeas corpus in in a court of appeals, to include proof that the relator is restrained. Tex. R. App. P. (k)(1)(D); _In re Serrano_, 482 S.W.3d 134, 135 (Tex. App.—El Paso 2015, orig. proceeding). There is nothing in the record demonstrating proof that relator is currently confined. _See In re Huitrado-Soto_, No. 05-16-00515-CV, 2016 WL 2353898, at *1 (Tex. App.—Dallas May 3, 2016, orig.

proceeding) (mem. op.) (holding trial court's order, which was stamped "IN JAIL," did not provide proof of then present confinement required by Rule 52); *In re Miller*, No. 05-14-001023-CV, 2014 WL 3882317, at *1 (Tex. App.—Dallas Aug. 7, 2014, orig. proceeding) (mem. op.) (holding that website print out that purported to show relator's confinement by Collin County Sheriff's Department did not provide proof required by Rule 52).

We ORDER relator to cure the deficiency in his petition within 10 days of the date of order. Failure to do so will result in the denial of his petition for writ of habeas corpus.

PER CURIAM

Panel consists of Chief Justice Christopher and Justices Bourliot and Wilson.